UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK DUSHAJ,

    Plaintiff,

vs.                                                                     Case No. 13-11642

STATE FARM MUTUAL AUTOMOBILE          HON. AVERN COHN
INSURANCE COMPANY,

    Defendant.
_____/

**MEMORANDUM AND ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (Doc. 12)**[1]

**I.**

This is an action seeking to recover personal injury protection (PIP) benefits under an insurance policy governed by the Michigan No-Fault Automobile Insurance Act, Mich. Comp. Laws §§ 500.3101, *et seq.* Plaintiff Mark Dushaj (plaintiff), a Michigan resident, is suing defendant State Farm Mutual Automobile Insurance Company (defendant), an Illinois company, claiming that he is entitled to PIP benefits arising out of an accident in Berkley, Michigan. Plaintiff contends that the Court has diversity jurisdiction because he is from Michigan and defendant is an Illinois company.

The accident occurred on May 10, 2011. Plaintiff was a passenger in a vehicle he co-owned with his former girlfriend, Stacy Milson. His cousin, Viktor Dushaj, was driving the vehicle and struck another vehicle. Plaintiff was seriously injured. Plaintiff was uninsured. Therefore, under the priority rules of the no-fault act, plaintiff made a first-party

---

[1] Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

claim for PIP benefits with defendant under a policy of a resident relative, his mother, Drana Lulgjuraj, a resident of Michigan. *See* Mich. Comp. Laws §§ 500.3142, 3114. Defendant contends that, for diversity jurisdiction purposes, an insurance company is a citizen of the state in which its insured is a citizen. Therefore, defendant argues that the Court lacks subject matter jurisdiction because there is no diversity of citizenship between plaintiff and his mother.

Now before the Court is defendant's motion for summary judgment under Fed. R. Civ. P. 56. (Doc. 12). Although defendant frames its motion as one for summary judgment, it asks for dismissal based on the Court's lack of subject matter jurisdiction. Thus, the Court converts defendant's request for summary judgment to a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). For the reasons that follow, the motion is DENIED.

## II.

A Fed. R. Civ. P. 12(b)(1) motion seeks dismissal for a court's lack of subject matter jurisdiction. The motion may be based on either a facial attack or a factual attack on the allegations of the complaint. *Tri-Corp Mgmt. Co. v. Praznik*, 33 F. App'x 742, 745 (6th Cir. 2002).

## III.

28 U.S.C. 1332(c) states, in pertinent part:

**(1)** a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of–

**(A)** every State and foreign state of which the insured is a citizen;

**(B)** every State and foreign state by which the insurer has been incorporated; and

**(C)** the State or foreign state where the insurer has its principal place of business

As this Court has held, the above provision, known as the "direct action" provision, does not apply to "an action by an insured against its insurer. . . ." *Davis v. State Farm Auto. Ins. Co.*, 382 F. Supp. 2d 957, 959 (E.D. Mich. 2005). *See also Lee-Lipstreu v. Chubb Ins. Co.*, 329 F.3d 898–900 (6th Cir. 2003). Under Michigan law, "[a] personal protection insurance policy . . . applies to accidental bodily injury to the person named in the policy [here plaintiff's mother], the person's spouse, and a relative of either domiciled in the same household [here plaintiff] if the injury arises from a motor vehicle accident." Mich. Comp. Laws § 500.3114. Here, plaintiff is the "insured" and defendant is the "insurer" under Mich. Comp. Laws § 500.3114. Plaintiff is the relative of his mother and domiciled in her home, and seeks first party benefits from defendant. Therefore, the direct action provision is inapplicable.

Plaintiff is a citizen of Michigan. Defendant is an Illinois company. The amount in controversy is alleged to be above $75,000. Thus, the Court has subject matter jurisdiction.

**IV.**

For the reasons stated above, defendant's motion was denied.

SO ORDERED.

                                 s/Avern Cohn
                                 UNITED STATES DISTRICT JUDGE

Dated:  November 20, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 20, 2013, by electronic and/or ordinary mail.

 S/Carol Bethel for Sakne Chami
Case Manager, (313) 234-5160